IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAMS INDUSTRIAL SERVICES )     CIVIL ACTION NO.
LLC, )
             Plaintiff, )
  )     HON.
    vs. )
  )
STEEL EQUIPMENT CORPORATION and )
DEV LEMSTER, )
             Defendants. )

## APPLICATION FOR DISCOVERY UNDER 28 U.S.C. § 1782

Plaintiff Williams Industrial Services, LLC states and alleges as follows:

### INTRODUCTION

1.      Williams Industrial Services, LLC ("Plaintiff" or "WIS") brings this Application for Discovery under 28 U.S.C. § 1782 against Defendants Steel Equipment Corporation ("SEC") and Dev Lemster (collectively, "Defendants") to obtain documents relevant to a claim made against WIS in a pending international arbitration proceeding captioned *Plama Limited, et al. v. Williams Industrial Services, LLC, et al.*, ICC Case No. 14700/EBS (the "International Arbitration").

2.      The International Arbitration is pending before an arbitral tribunal in Paris, France (the "Arbitral Tribunal"), and is proceeding according to the Rules of Arbitration of the International Chamber of Commerce ("ICC").

3.      Plaintiff has asked Defendants to produce documents in their possession that are relevant to, and potentially dispositive of, claims made against WIS in the International Arbitration.

4.      WIS seeks the aid of this Court in obtaining the requested documents from Defendants because the Defendants are not parties to the pending Arbitration and they are

therefore beyond the jurisdiction of the Arbitral Tribunal. Defendants, however, can be compelled to produce the requested documents pursuant to an Order from this Court.

5.      WIS is currently scheduled to file a responsive brief in the International Arbitration on July 3, 2008 and, therefore, WIS respectfully requests that this Court resolve this matter on an expedited basis, and further requests that the Court shorten Defendants' time to respond to the document requests to five (5) days.

6.      WIS, through its attorneys, notified Defendants' counsel of this Application prior to its filing, and Defendants' counsel agreed to accept service of process in this matter on behalf of SEC and Mr. Lemster.

### JURISDICTION AND VENUE

7.      Jurisdiction lies in this Court pursuant to 28 U.S.C. § 1331.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) because both Defendants reside within this District.

### THE PARTIES

9.      Williams Industrial Services, LLC is a limited liability company with its principal place of business at 1120 Boyce Road, Suite 2200, Pittsburgh, Pennsylvania 15241.

10.      Steel Equipment Corporation ("SEC") is a business corporation with its principal place of business at 40 Elmhurst Road, Pittsburgh, Pennsylvania 15220.

11.      Dev Lemster is an individual domiciled in Pennsylvania and residing at 40 Elmhurst Road, Pittsburgh, Pennsylvania 15220.

### FACTUAL BACKGROUND

#### The International Arbitration

12.      The current International Arbitration is primarily a breach-of-contract dispute between WIS and Plama Limited ("Plama"), a corporation existing and organized under the laws

2

of Malta, and Warren Steel Holdings, LLC ("WSH"), an Ohio limited liability company owned by the principals of Plama. Plama and WSH have also brought claims in the International Arbitration against Lloyd Williams, the president of WIS, in an individual capacity.

13. The dispute centers around a Dismantling Contract and a Shipping Contract, executed in August and September 2005 respectively, between WIS and Plama (collectively, the "Contracts"). Under the Contracts, Plama and WIS agreed that WIS would dismantle and ship a large steel processing plant located in Warren, Ohio and owned by WSH (the "Warren Plant") to the Ukraine for reinstallation within ten (10) months.

14. For approximately four months, WIS diligently performed under the Contracts, and expended substantial sums of money in order to be in the position to complete the dismantling and shipment of the entire Warren Plant within the mandatory time schedule.

15. On November 25, 2005, Plama breached both Contracts by cancelling the Contracts without cause and without a right of cancellation.

16. The parties' dispute over Plama's wrongful termination of the Contracts is currently being contested in the International Arbitration according to the Contracts' arbitration clauses which provide that all disputes under the Contracts are to be decided by an arbitral tribunal in Paris, France according to the rules of the ICC.

SEC and Lemster's Connection to the Dispute

17. SEC is an independent consulting company that assists other companies in a variety of projects within the steel industry around the world. Dev Lemster is the present and sole owner of SEC.

18. Throughout the negotiation and performance of the Contracts, SEC, through Dev Lemster, was providing management services to WSH at the Warren Plant. SEC's duties at the Warren Plant included obtaining and paying for electricity, guard service, and security systems;

3

managing access to the Warren Plant; and providing general logistics support due to SEC's knowledge and experience regarding the operation, dismantling and moving of steel facilities.

19.     In the International Arbitration, Plama has asserted a new claim against WIS seeking to void the Contracts based on an alleged "bribery" by WIS of Mr. Lemster, whom Plama now alleges was acting as its "agent" with respect to the negotiation and performance of the Contracts (the "New Claim"). According to Plama, the alleged "bribery" was in the form of a Consulting Agreement entered into between WIS and Mr. Lemster's company, SEC. Plama alleges that it had no knowledge of the Consulting Agreement between SEC and WIS.

20.     WIS contends that Plama was not only aware of the Consulting Agreement, but that Plama's own agent, Akiva Sapir, required that WIS enter into the Agreement as compensation for SEC's management services at the Warren Plant. A similar consulting agreement was entered into between SEC and Tetra Tech CR, Inc. ("Tetra Tech") at the insistence of Instrad, Ltd., a predecessor or affiliate of Plama ("Instrad").

21.     Upon information and belief, Defendants have in their possession documents relevant to Plama's New Claim and, in fact, may have documents which would demonstrate that Plama had knowledge of the arrangement from its inception through its agents and attorney.

22.     WIS has asked SEC and Mr. Lemster to voluntarily provide to WIS documents pertaining to the Consulting Agreement. SEC and Mr. Lemster have advised WIS that they will produce the documents only pursuant to a subpoena or other similar process requiring them to do so.

23.     The documents that WIS seeks to obtain from SEC and Mr. Lemster are relevant to the New Claim, and are not available from some other source that is more convenient, less burdensome, or less expensive.

24.     The likely benefit to WIS of obtaining the requested documents is substantial, and may be dispositive of the New Claim pending against WIS in the International Arbitration.

25.     Defendants are not parties to the International Arbitration and, therefore, WIS seeks the aid of this Court in obtaining the requested documents because the Defendants are not subject to the jurisdiction of the Arbitral Tribunal.

### COUNT 1:  Application under 28 U.S.C. § 1782(a)

26.     Plaintiff hereby incorporates by reference all above paragraphs as if fully set forth herein.

27.     28 U.S.C. § 1782(a) states, in relevant part, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . The order may be made . . . upon the application of any interested person, and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."

28.     As alleged herein, both SEC and Dev Lemster reside within the judicial district of the Western District of Pennsylvania, and are therefore subject to the jurisdiction of this Court under 28 U.S.C. § 1782(a).

29.     Plaintiff WIS is a party to the pending International Arbitration, captioned *Plama Limited, et al. v. Williams Industrial Services, LLC, et al.*, ICC Case No. 14700/EBS, currently proceeding in Paris, France, and is therefore an "interested person" under 28 U.S.C. § 1782(a).

30.     The pending International Arbitration is a "proceeding" under 28 U.S.C. § 1782(a), and WIS seeks the documents "for use" in that proceeding as evidence in the presentation of its defense to the Arbitral Tribunal.

31.     The International Arbitration is pending before an Arbitral Tribunal that has been appointed according to the Arbitration Rules of the International Chamber of Commerce. The Arbitral Tribunal is an "international tribunal" under 28 U.S.C. § 1782(a) and *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 258 (2004).

**WHEREFORE,** Plaintiff Williams Industrial Services respectfully requests that this Court award judgment in its favor, and order Defendants Steel Equipment Corporation and Dev Lemster to produce the following documents to WIS within five (5) days of this Court's Order:

1.     All documents that SEC or Dev Lemster produced to Plama Limited or Warren Steel Holdings, LLC, or any of their agents or attorneys, since November 29, 2006;

2.     All documents referring to, discussing, or related to the Consulting Agreement between WIS and SEC;

3.     All documents containing any written correspondence, emails, or other communications between SEC, Dev Lemster and any of their agents or attorneys on the one hand, and Plama Limited, Warren Steel Holdings, LLC and any of their past or present agents or attorneys on the other hand (including but not limited to Akiva Sapir), regarding the Consulting Agreement or regarding the payments made to SEC pursuant to that Consulting Agreement;

4.     All documents referring to, discussing, or related to the Consulting Agreement between SEC and Tetra Tech; and

5.     All documents containing written correspondence, emails, or other communications between SEC, Dev Lemster and any of their agents or attorneys on the one hand, and Instrad, Ltd., Warren Steel Holdings, LLC and any of their past or present agents or

6

attorneys on the other hand (including but not limited to Akiva Sapir), regarding the Consulting

Agreement between SEC and Tetra Tech or regarding any payments Tetra Tech made to SEC

under that Agreement.

A proposed Order is submitted herewith.

Respectfully Submitted,

_____ /s/ S. Elaine Diedrich _____
S. Elaine Diedrich
PA Id. No. 84077
Emily Ayoub
PA Id. No. 204891
Schnader Harrison Segal & Lewis LLP
Firm Id. No. 061
Suite 2700, Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA   15222
(412) 577-5200
sediedrich@schnader.com
eayoub@schnader.com

Christine E. Mayle, Esq.
Cooper & Walinski LPA
900 Adams Street
Toledo, OH  43604-5505
(419) 241-1200
(419) 242-5675 (fax)
mayle@cooperwalinski.com

Date:  June 24, 2008

*Attorneys for Plaintiff, Williams Industrial Services LLC*